IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LABARRON DEWAYNE HILL, ) | |
| AIS #163049, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00197-CG-N |
| ) | |
| WILLIAM H. STEELE *et al.*, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff LaBarron Dewayne Hill, an Alabama inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 (Doc. 1). The District Judge assigned to this case referred the complaint to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (5/24/2022 electronic reference). Hill failed to comply with the Court's orders dated May 25, 2022 (Doc. 2) and July 6, 2022 (Doc. 3). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On May 25, 2022, the Court issued an order directing Hill to, no later than June 24, 2022, (1) refile his complaint on the Court's form and (2) either pay the $402 filing fee or file a motion for leave to proceed in forma pauperis (Doc. 2). The order also directed the Clerk to send Hill the corresponding forms and warned him that failure to comply may result in his case being dismissed without prejudice. (Doc. 2, PageID.10–11). This order was not returned to the Court as undeliverable, yet Hill failed to file anything in response. The undersigned's search of Hill's name in ADOC's

directory of inmates[1] revealed that he still resided at his address on record.

Despite Hill's failure to comply, the Court afforded him another opportunity to refile his complaint and either pay the required filing fee or file a motion for leave to proceed in forma pauperis. (Doc. 3). Again, Hill failed to comply. The order was not returned to the Court as undeliverable, and Hill still resides at his address on record.

As a consequence of Hill's failure to comply with the Court's orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

---

[1] *See* http://www.doc.state.al.us/inmatesearch.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Hill.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of August 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**